UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LAPETE R. HICKS, SR., <br><br> Plaintiff, <br><br> vs. <br><br> JUSTIN RENNER, Corrections Officer/Cpl. at Mike Durfee State Prison, in his individual and official capacity; ALEX REYES, Associate Warden and Acting Warden at Mike Durfee State Prison, in his official capacity, <br><br> Defendants. | 4:23-CV-04121-CCT <br><br> **ORDER ON PENDING MOTIONS** |

Plaintiff, LaPete R. Hicks, Sr., an inmate at the Mike Durfee State Prison (MDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The Court granted Hicks's motion for leave to proceed in forma pauperis, Docket 2, and Hicks timely paid his initial partial filing fee, Docket 5. The Court screened Hicks's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Docket 6. Fluke[1] and Reyes move for summary judgment. Docket 18. After the motion for summary judgment was

---

[1] Fluke is no longer the Warden at MDSP. Docket 20 ¶ 1. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fluke's successor, Alex Reyes, Docket 21 ¶ 1, is already named as a defendant in his official capacity as the associate warden, but he is now also sued his official capacity as the acting warden at MDSP. The Court has amended the caption in accordance with Rule 25(d).

filed, Hicks filed a motion seeking leave to file a supplemental complaint, Docket 24, and requested that the Court defer ruling on the motion for summary judgment until he has an opportunity to conduct discovery, Docket 25. Hicks has also filed motions for discovery, a motion for appointment of counsel, motions to extend deadlines, a motion to compel, and a motion for mediation. Dockets 33, 34, 37, 38, 42, 45, 47.

## PROCEDURAL BACKGROUND

In this case, the pending motions cannot be considered in a vacuum. Thus, the Court begins its consideration of the pending motions by outlining, in detail, the procedural history of this case.

- **August 16, 2023** – Hicks files a pro se § 1983 complaint. Hicks alleges that Renner, a corrections officer at MDSP, sprayed him twice with pepper spray and laughed while doing so when Hicks was talking with another inmate in a hallway. Docket 1 at 4. Hicks contends that Renner's use of pepper spray violated the Department of Corrections' policy prohibiting the use of excessive force without any legitimate penological purpose and, therefore, violated Hicks's Eighth Amendment right to be free from cruel and unusual punishment. *Id.* In his complaint, Hicks claims that Fluke and Reyes implemented a policy permitting prison staff who violate a prison policy to resign instead of face termination, which permits staff who violate prison policy to be rehired later. *Id.* But for this policy, Hicks asserts, Renner would not have been at MDSP to injure Hicks by spraying him with pepper spray for no legitimate penological purpose. *Id.*

- **December 13, 2023** – The Court issues its 1915A screening order. Docket 6. Hicks's Eighth Amendment claim against Renner in his individual capacity for money damages and official capacity for injunctive relief survived § 1915A screening. *Id.* at 8. Hicks's Eighth Amendment claims against Reyes and Fluke in their official capacities for injunctive relief also survived § 1915A screening. *Id.* The Court directed service on Renner, Fluke, and Reyes. *Id.*

- **January 17, 2024** – Fluke and Reyes were served. Docket 8 at 3, 6.

2

- **January 17, 2024** – The summons for Renner was returned unexecuted because he no longer works at MDSP. Docket 9 at 1, 3.

- **January 23, 2024** – The Court issues a Rule 4(m) notice advising Hicks that his claims against Renner would be dismissed without prejudice if Renner is not served on or before March 12, 2024. Docket 11 at 2.

- **January 31, 2024** – Hicks filed a motion requesting that the Court direct the Department of Corrections to provide Renner's last known address so that he could be served. Docket 12.

- **February 6, 2024** – Fluke and Reyes file an answer to Hicks's complaint. Docket 14.

- **February 8, 2024** – The Court grants Hicks's motion, Docket 12, and directs assistance with service, Docket 16.

- **February 14, 2024** – Fluke and Reyes move for summary judgment. Docket 18.

- **March 5, 2024** – Hicks files a motion for leave to file a supplemental complaint, Docket 24, and a motion requesting that Fluke and Reyes's motion for summary judgment be denied or deferred until Hicks has had an opportunity to conduct discovery, Docket 25.[2]

- **March 11, 2024** – Renner was served. Docket 26 at 2.

- **March 20, 2024** – An attorney appears on behalf of Renner, Docket 27, and files a separate answer, Docket 28. The South Dakota Attorney General's Office, who is representing Fluke and Reyes, did not appear on behalf Renner. A private law firm is representing Renner. Dockets 27, 28.

- **March 21, 2024** – The Court, on its own motion, entered a Scheduling Case Management Order. Docket 31. Per the scheduling order, the deadline to join parties and to amend pleadings was April 22, 2024; the discovery deadline was July 19, 2024; and the motion deadline was August 5, 2024. *Id.* at 1–2.

---

[2] Hicks's motions were docketed on March 11, 2024, but they are deemed filed on March 5, 2024, the date he certified that he deposited them in the prison legal mail system. *See* Docket 24 at 2; Docket 24-1-; Docket 25 at 3; *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (stating that a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court). In this procedural background section, the Court will include the date Hicks's pleadings are deemed filed rather than the date that his pleadings are docketed.

3

- **June 18, 2024** – Hicks files a motion to depose defendants, Docket 33, and a motion for discovery, Docket 34, of "things that . . . attorney for defendants allege can be debunked and proven to be false by discovery."

- **July 17, 2024** – Hicks files a motion to extend deadlines, including for him to respond to the motion for summary judgment. Docket 38.

- **September 4, 2024** – Hicks files a motion to compel "defendants to answer interrogatories, admissions, and document requests." Docket 42.

- **September 17, 2024** – Hicks files a motion for mediation. Docket 45.

- **September 24, 2024** – Hicks files a motion to amend the scheduling order. Docket 47.

### DISCUSSION

**I. Defendant Reyes's Motion for Summary Judgment**

The United States Court of Appeals for the Eighth Circuit has instructed that "[a]lthough discovery does not have to be completed before a district court can grant summary judgment, 'summary judgment is proper only after the nonmovant has had adequate time for discovery.' " *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *In re TMJ Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997)). Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

4

Fed. R. Civ. P. 56(d). The Eighth Circuit has also recognized that the purpose of Rule 56(d), which was formerly Rule 56(f),[3] is to "provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirt of liberality." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (omission and alteration in original) (quoting 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2740 (1998)). Allowing a party to request a continuance for further discovery helps "prevent a party from being unfairly thrown out of court by a premature" summary judgment motion. *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (citation omitted). "In analyzing whether a claim is ripe for summary judgment, a district court has discretion to determine whether the parties have had adequate time for discovery[.]" *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999); *see also Robinson*, 439 F.3d at 466–67 (a district court's determination whether a claim is ripe for summary judgment is reviewed for abuse of discretion).

      Here, Reyes filed his motion for summary judgment only eight days after answering Hicks's complaint, Dockets 14, 18, and nearly a month before Renner was served and the Court entered a scheduling order, Docket 26 at 2, Docket 31. The motion for summary judgment was filed before any discovery was conducted. Under the District of South Dakota's Civil Local Rules of

---

[3] Rule 56(f) was "recodified 'without substantial change' as Rule 56(d)" in December 2010. *Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012).

Practice, Hicks's response to Reyes's motion for summary judgment was due on or before March 6. D.S.D. Civ. LR 7.1.B. Before the expiration of the deadline for responding, Hicks filed a motion requesting that the Court deny or defer ruling on the motion for summary judgment, pursuant to Rule 56(d), to permit Hicks an opportunity to conduct discovery. Docket 25. Reyes opposes Hicks's Rule 56(d) motion. Docket 30. He argues that "Hicks did not file a formal Rule 56(d) affidavit[]" and that "[t]here is no indication whatsoever by [Hicks] what critical facts he needs to develop or hopes to unveil through discovery." *Id.* at 3. But the record clearly indicates that no discovery has been conducted in this case due the timing of the motion. Further, to support the motion for summary judgment, Reyes and Fluke each submitted a detailed affidavit refuting some of the allegations in Hicks's verified complaint and denying that they had any knowledge of reports or complaints that Renner had engaged in any act of corporal punishment or excessive force, or an alleged violation of any SDDOC or MDSP policy. Docket 20 ¶¶ 8, 9, 15; Docket 21 ¶¶ 8, 9, 15.

Courts frequently deny as premature motions for summary judgment filed before any discovery has occurred. *See, e.g.*, *Garner v. Walker*, No. 4:21-CV-00004-JAR, 2022 WL 16961340, at *2 (E.D. Mo. Nov. 16, 2022) (denying plaintiffs motions for summary judgment without prejudice as premature because the motions were filed before parties conducted any discovery); *Piper v. Man*, Civil No. 11-5142, 2011 WL 13152512, at *2 (W.D. Ark. Sept. 7, 2011) ("Because the instant motion was filed before *any* discovery was conducted and because the issue presented are fact intensive, the Court finds that the **Motion**

6

**for Partial Summary Judgment** . . . should be and hereby is denied."); *Martindale Corp. v. Heartland Inns of Am. L.L.C.*, No. 08-CV-2065-LRR, 2009 WL 362270, at *1 (N.D. Iowa Feb. 11, 2009) (denying summary judgment as premature filed six weeks after the complaint was filed and when neither party had conducted discovery); *MEMC Elec. Materials, Inc. v. Sunlight Group, Inc.*, No. 4:08CV00535-FRB, 2008 WL 4642866, at *6 (E.D. Mo. Oct. 17, 2008) (denying motion for partial summary judgment filed before initiation of the discovery process because the non-moving party had had not opportunity to conduct discovery); *McKenzie v. Rider Bennett, L.L.P.*, No. CIV 05-1265NJESRN, 2006 WL 839498, at *3 (D. Minn. Mar. 28, 2006) (denying defendants' motion for summary judgment arguing that plaintiff cannot prove her claims under Title VII because the motion was brought before the plaintiff had the opportunity to conduct any discovery); *Nelson v. Am. Home Assur. Co.*, Civ. No. 11-1161(RHK/FLN), 2011 WL 2397160, at *1 (D. Minn. June 13, 2011) (denying summary judgment and granting Rule 56(d) motion for continuance because "th[e] case is truly in its infancy; [the defendant] has been afforded *no* chance to obtain *any* discovery here.").

Because Reyes filed his motion for summary judgment before Hicks had an opportunity to conduct any discovery, Hicks's Rule 56(d) motion, Docket 25, is granted and Reyes's motion for summary judgment, Docket 18, is denied without prejudice. *See* Fed. R. Civ. P. 56(d)(1) (providing that the Court may deny a motion for summary judgment if the nonmoving party "cannot present facts essential to justify its opposition"). Reyes argues that Hicks's Rule 56(d)

motion is procedurally flawed because he did not identify what specific facts he needs to develop or submit an affidavit or declaration that the facts he seeks to discover exist. *See* Docket 30 at 3. Given the timing of the motion for summary judgment and that fact that this Court must construe Hicks's pleadings liberally because he is proceeding pro se, Reyes's argument is unavailing. "When, as here, there has been no adequate initial opportunity for discovery, a strict showing of necessity and diligence that is otherwise required for a Rule 56(f) request for additional discovery does not apply." *Metropolitan Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1337 (Fed. Cir. 2008) (internal citations omitted).

## II.    Hicks's Motion to Amend

Hicks moves for leave to file a supplemental complaint based on events that have occurred since he filed his original complaint. Docket 24. Hicks attached to his motion a copy of his proposed supplemental complaint. Docket 24-1. In his proposed supplemental complaint, Hicks seeks to add a retaliation claim against Reyes and to add two new defendants, Elizabeth Paul and Aaron Haines. *Id.* Hick alleges that Paul, a medical provider at MDSP, has retaliated against him for filing this lawsuit. *Id.* at 2. Specifically, Hicks alleges that Paul entered an order requiring that his medications be crushed knowing that he cannot tolerate medication in that form. *Id.* On or about January 23, 2024, when Hicks asked Paul about the crush order, Paul responded, "I am busy with other patients and that's what happens when you file lawsuits." *Id.* Hicks also alleges that Paul has retaliated against him by tapering his medication dosage

and taking him off necessary medication with "no just cause." *Id.* at 7. According to Hicks, Reyes is liable for retaliation because "he signed off on the grievances" Hicks had submitted complaining about Paul's alleged retaliation "instead of fixing the problem[.]" *Id.* at 8. Hicks also alleges that Haines is liable for retaliation because he was aware of Paul's alleged retaliation and "stood by idolly [sic] and done nothing to remedy the problem; Instead allowing plaintiff to be in physical pain and mental anguish over something totally resolvable." *Id.* Finally, Hicks alleges that Paul and Haines are liable for deliberate indifferent to his serious medical needs in violation of the Eighth Amendment. *Id.* at 8–9.

> Federal Rule of Civil Procedure 15(d) provides:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that has happened after the date of the pleading to be supplemented.

Fed. R. Civ. P. 15(d). Whether to grant leave to file a supplemental pleading is in the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960); *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015) (stating that leave to supplement a complaint with post-complaint transactions, occurrences, or events should be liberally granted). The standard used by a district court to decide whether to grant leave to file a supplemental complaint is the same standard that applies when deciding whether to grant

leave to file an amended complaint. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

     Here, Hicks seeks to add defendants as well as assert an additional claim against an existing defendant. Hicks's proposed retaliation claim against Reyes, an existing defendant, is futile. Hicks alleges that Reyes is liable for retaliation because "he signed off on the grievances" Hicks submitted complaining about medical provider Paul's alleged retaliation "instead of fixing the problem[.]" Docket 24-1 at 8. Because Hicks alleges that Reyes had no involvement in Paul's alleged retaliation other than responding to grievances reporting the alleged retaliation, Hicks's proposed retaliation claim against Reyes is futile. *See Peck v. Ark. Dep't of Corr.*, 5:19CV00092-JM-JTK, 2019 WL 2317560, at *2 (E.D. Ark. May 15, 2019) ("mere involvement as a responder to a grievance does not support a constitutional claim for relief"), *report & recommendation adopted by* 2019 WL 2305910 (E.D. Ark. May 29, 2019). Hicks's motion for leave to file a supplemental complaint alleging Reyes is liable for retaliation is denied.

     Hicks's proposed retaliation and deliberate indifference to a serious medical need claims against Paul and Haines are unrelated to his excessive force claims against Reyes and Renner. Paul and Haines are not defendants. Because they are medical providers, if Hicks is permitted to file a supplemental complaint raising different theories, it will require discovery and consideration of Hicks's medical care at MDSP, but Hicks's medical care has nothing to do with his excessive force claim against the existing defendants. Thus, granting Hicks leave to file a supplemental complaint would unnecessarily delay

resolution of Hicks's claims against the existing defendants. Hicks's motion for leave to file a supplemental complaint against Paul and Haines, Docket 24, is denied. *See Thorp v. Dist. of Columbia*, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental complaint containing allegations unrelated to the original complaint and implicating new defendants and noting that granting leave would have unreasonably delayed resolution on the merits and caused additional expense to the current defendants); *Singleton v. Hoester*, 505 F. Supp. 54, 57–58 (E.D. Mo. 1980) (denying motion to file supplemental complaint that relates only indirectly to the original complaint, arises out of an unrelated set of facts, and relates to a new defendant not named in the original complaint). If Hicks wishes to bring a retaliation claim or a claim for deliberate indifference to a serious medical need against Paul and Haines, he must file a separate lawsuit.

### III.   Hicks's Miscellaneous Motions

#### A.   Motions to Amend Scheduling Order (Docket 47)

Hicks moves to amend the scheduling order. Docket 47. Hicks's motion is based, in part, on his request that the Court deny or defer ruling on Reyes's motion for summary judgment to permit him an opportunity to conduct discovery. *Id.* at 1. Defendants oppose Hicks's motion and argue that he did not act diligently in meeting the deadlines in the Court's initial scheduling order. Docket 49; Docket 51. Although Hicks's motion to amend the scheduling order was file after expiration of all the deadlines in the Scheduling Order, his motion for leave to file a supplemental complaint, Docket 24, his Rule 56(d) motion in

11

response to Reyes's motion for summary judgment, Docket 25, and his discovery motions, Dockets 33, 34, were timely filed. Moreover, the motions were pending when Hicks moved to amend the scheduling order. Because the Court has denied the pending motion for summary judgment without prejudice to permit Hicks an opportunity to conduct discovery, there is good cause for amending the scheduling order. Hicks's motion to amend the scheduling order, Docket 47, is granted, and the Court will issue an amended scheduling order.

### B. Motion for Deposition (Docket 33)

Hicks moves for leave to depose Renner, Reyes, and Fluke because Renner's counsel requested and was granted leave to depose Hicks. Docket 33. Generally, leave of court is not required when a party seeks to take a deposition. Fed. R. Civ. P. 30(a)(1). But Federal Rule of Civil Procedure 30(a)(2)(B) provides that leave of court is required "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Thus, before Renner's counsel deposed Hicks, leave of court was required. Hicks does not need to obtain leave of court to depose Renner, Reyes, or Fluke. But he must comply with Federal Rule of Civil Procedure 30.

To the extent that Hicks is requesting that the Court assist him in noticing depositions, securing witness' attendance, or obtaining and paying for a court reporter, his request is denied. "Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery or securing a court reporter." *Baker v. Immanuel Med. Ctr.*, No. 8:06CV655, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007). Federal

Rule of Civil Procedure 30(b)(3) requires that a party seeking to conduct a deposition bear the costs of recording the deposition. Fed. R. Civ. P. 30(b)(3)(A). While Hicks was granted leave to proceed in forma pauperis, 28 U.S.C. § 1915 does not authorize the court to pay deposition expenses such as court reporter and witness fees. *Baker*, 2007 WL 2914547, at *2 (collecting cases). For these reasons, Hicks's motion for leave to conduct depositions, Docket 33, is denied. If Hicks wishes to conduct depositions, he may do so, but he must comply with the applicable Federal Rules of Civil Procedure, and he is responsible for securing and compensating the court reporter.

### C.    Motion for Discovery (Docket 34)

Hicks moves for discovery, contending that some of Defendants' allegations "can be debunked and proven to be false by discovery." Docket 34. Hicks's motion for discovery, Docket 34, is denied as moot. Hicks does not need leave of court to conduct discovery, but his discovery requests must comply with Federal Rules of Civil Procedure 26, 30, 33, 34, and 36.

### D.    Motion to Compel (Docket 42)

Hicks moves for an order compelling "defendants to answer interrogatories, admissions, and document requests." Docket 42. Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). A party may move for an order compelling an answer to an interrogatory submitted under Rule 33 or a response to a request for production of documents under Rule 34. *Id.* at 37(a)(3). On August 1, 2024, Hicks delivered to his unit coordinator

13

interrogatories, requests for production, and requests for admission. Docket 43-1. On August 9, 2024, he also served identical discovery requests on Renner. Docket 44. Defendants oppose Hicks's motion to compel and argue that they should not be required to respond to the discovery requests because they were served after the July 19, 2024 discovery deadline. Dockets 43, 44.

The discovery requests Hicks served in early August seek information on matters relevant to the claims in Hicks's initial complaint. While the discovery requests were served shortly after the expiration of the deadline, Hicks's Rule 56(d) motion in response to Reyes's motion for summary judgment, Docket 25, and his discovery motions, Dockets 33, 34, were timely filed and pending when he served the discovery requests. Because this Court grants Hicks's Rule 56(d) motion, denies Reyes's motion for summary judgment without prejudice, and grants Hicks's motion amend the scheduling order, Hicks's motion to compel, Docket 42, is granted. Reyes[4] and Renner must respond to the discovery requests which Hicks served on August 1 and August 9, 2024, within thirty days of the date of this order.

    E.    **Motion to Appoint Counsel (Docket 37)**

Hicks moves for appointment of counsel due to his "disability of PTSD which causes [him] to become overly overwhelmed along with other forms of stress that affect [his] mental stability as well." Docket 37.

---

[4] Because Reyes is the acting Warden at MDSP, he must respond to the discovery requests directed to Fluke, who was his predecessor as Warden at MDSP.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). The court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). "Although [a plaintiff's] mental condition is a factor that may weigh in his favor, it does not of itself require that counsel be appointed." *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (citing *Phelps v. United States Fed. Gov't*, 15 F.3d 735, 737 (8th Cir. 1994)), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). After considering these factors, the Court denies Hicks's motion for appointment of counsel, Docket 37, at this time. He has not submitted any medical records or other documents demonstrating that he has a diagnosed medical condition that impedes his ability to present his claims.[5] His claims do not appear to be factually or legally complex, and his complaint, proposed supplemental complaint, discovery requests, and other flings demonstrate that he can adequately present his claims at this time. *See, e.g., Patterson v. Bank of Am., N.A.*, No. 4:22-cv-1392-MTS, 2023 WL 4560823, at *1 (E.D. Mo. July

---

[5] In opposition to Hicks's motion to amend the scheduling order, Defendants submitted medical records disputing Hicks's allegation that he has a medical condition that impairs his ability to present his claims. Docket 49 at 3–4; Docket 50-1.

15

17, 2023) (denying motion for appointment of counsel because the plaintiff did not submit information demonstrating how his mental impairment impedes prosecution of the case and his interactions with the demonstrate that he can adequately articulate his claims).

### F.  Motion for Mediation (Docket 45)

Hicks requests that the Court schedule a mediation hearing. Docket 45. Reyes opposes Hicks's motion. Docket 46. Renner is willing to consider voluntary mediation but questions whether a mediation would be successful if the mediation also includes the official capacity claims for injunctive relief. Docket 48 at 2. The Court does not typically order parties to participate in mediation or Court-ordered settlement conferences. Thus, Hicks's motion for mediation, Docket 45, is denied. If the parties elect to do so, some or all of them may engage in settlement discussions at any point without court intervention. Additionally, the Court reminds the parties that the magistrate judges are available to conduct a mediation if the parties elect to participate in a voluntary mediation. *See* D.S.D. Civ. LR 53.1.

### IV.  Conclusion

Thus, it is ORDERED:

1.  That Alex Reyes, in his official capacity as Acting Warden of MDSP, is substituted pursuant to Fed. R. Civ. P. 25(d), for Brent Fluke, in his official capacity as Warden of MDSP.

2. That Hicks's Rule 56(d) motion (Docket 25) is granted and Reyes's motion for summary judgment (Docket 18) is denied without prejudice.

3. That Hicks's motion for time extension (Docket 38) is denied as moot.

4. That Hicks's motion for leave to file a supplemental complaint (Docket 24) is denied.

5. That Hicks's motion to amend the scheduling order (Docket 47) is granted.

6. That Hicks's motion for depositions (Docket 33) is denied.

7. That Hicks's motion for discovery (Docket 34) is denied as moot.

8. That Hicks's motion to compel (Docket 42) is granted. Reyes and Renner must respond to the discovery requests which Hicks served on August 1 and August 9, 2024, within thirty days of the date of this order.

9. That Hicks's motion for appointment of counsel (Docket 37) is denied.

10. That Hicks's motion for mediation (Docket 45) is denied.

Dated March 18, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE